IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES BROADHEAD, #224 802, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CIVIL ACTION NO. 2:16-CV-433-WHA | |
| | ) [WO] | |
| OFFICER S. HALLIAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James M. Broadhead ["Broadhead'], a frequent federal litigant incarcerated at the Bullock Correctional Facility in Union Springs, Alabama.   Broadhead alleges that correctional officers subjected him to the use of excessive force on May 31, 2016. He requests trial by jury and seeks declaratory relief and damages for the alleged violations of his constitutional rights. Doc. # 1 at 3-4.

## II.  RELEVANT CASE HISTORY[1]

Although Broadhead alleges the incident about which he complains occurred in May 2016, he previously filed a civil action with this court in which he alleged a verbatim statement for relief as he asserts in this action, *i.e.*, he was forced to the ground from a blow to his testicles, while on the ground he was kicked "again and again," and the assault was motivated by hate due to his conviction for rape of an "old lady." *Broadhead v. Olds, et al.*, Civil Action No. 2:14-CV-367-

---

[1]This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir.  1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

MEF-TFM (M.D. Ala. 2014), Doc. # 1 at 4. In this previous cause of action, Broadhead did not provide a date the alleged incident occurred, but at the time he filed the complaint he was incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama. Additionally, Broadhead filed two other civil actions with this court in 2011 incorporating a substantially similar allegation of excessive force with the only differences being the date and location where the alleged incident occurred and the individuals named as defendants. *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) (incident alleged to have occurred at Kilby Correctional Facility in 2011); *Broadhead v. Norris, et al.*, Case No. 2:11-CV-490-MEF-TFM (M.D. Ala. 2012) (incident alleged to have occurred in 2010 at Kilby Correctional Facility). Broadhead has filed nineteen additional civil actions with this court since 2011 in which he either raises a similar claim as presented in this action and/or describes another use of excessive force against him but identifying different dates, defendants and/or facilities where the alleged assault occurred. *See Broadhead v. Holcey, et al.*, Case No. 2:16-CV-384-WHA-TFM; *Broadhead v. Roders, et al.*, Case No. 2:16-CV-371-WHA-TFM (each case pending on a Recommendation addressing claims alleged to have occurred at Bullock Correctional Facility in early 2016); *Broadhead v. Baldwin, et al.*, Case No. 2:16-CV-336-WHA-WC (M.D. Ala. 2016); *Broadhead v. Roders, et al.*, Case No. 2:16-CV-321-WHA-WC (M.D. Ala. 2016); *Broadhead v. Jenkins, et al.*, Case No. 2:16-CV-250-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Harris, et al.*, Case No. 2:16-CV-244-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Battle, et al.*, Case No. 2:16-CV-219-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Smith, et al.*, Case No. 2:16-CV-81-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Scott, et al.*, Case No. 2:16-CV-17-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Gasdon, et al.*, Case No. 2:15-CV-854-MHT-GMB (M.D. Ala. 2015); *Broadhead v. Olds, et al.*, Case No. 2:15-CV-715-WKW-TFM (M.D. Ala. 2015); *Broadhead v. Miree, et al.*,

Case No. 2:14-CV-677-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Rogers, et al*., Case No. 2:14-CV-676-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Miree, et al*., Case No. 2:14-CV-641-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Olds, et al*., Case No. 2:14-CV-393-MEF-TFM (M.D. Ala. 2014); *Broadhead v. Olds, et al.,* Case No. 2:14-CV-367-MEF-TFM (M.D. Ala. 2014) (incident in the preceding nine cases alleged to have occurred at either the Bullock or Donaldson Correctional Facility on unidentified dates in 2016, 2015 or 2014.); *Broadhead v. Babers et al*., Case No. 2:14-CV-210-MEF-TFM (M.D. Ala. 2014); *Broadhead v. Babers et al.*, Case No. 2:14-CV-49-WHA-TFM (M.D. Ala. 2014) (incident in these two cases alleged to have occurred during a prior stint of confinement at Bullock Correctional Facility).

### III. DISCUSSION

Upon initiating this case Broadhead did not pay the $350.00 filing fee and $50.00 administrative fee nor did he apply for leave to proceed *in forma pauperis*.  In cases with these deficiencies, the usual practice of this court is to enter an order advising the plaintiff he/she must pay the full filing and administrative fees or apply for leave to proceed *in forma pauperis*. However, under 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if  he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g).

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is

Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Broadhead, while incarcerated or detained, has on at least four occasions had civil actions dismissed under 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim, and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by Broadhead are: (1) *Broadhead v. Dozier, et al*., Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) (complaint malicious); (2) *Broadhead v. O'Brian, et al*., Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010) (complaint frivolous; (3) *Broadhead v. Hopkins, et al*., Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010) (complaint frivolous); and (4) *Broadhead v. Kirrire, et al*., Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010) (complaint frivolous).

Upon review of the complaint and the numerous other civil actions filed by Broadhead in this and the other federal courts of this state alleging a similar factual basis for relief, the court finds Broadhead fails to demonstrate that he "is under imminent danger of serious physical injury" as required to meet the exception allowing circumvention of the directives in 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when

---

an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

the potential consequence is 'serious physical injury....'"). Thus, even if Broadhead sought *in forma pauperis* status, he is not entitled to such status due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing, the court concludes this case is due to be summarily dismissed without prejudice as Broadhead failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

It is ORDERED that Plaintiff's motion for appointment of counsel (Doc. # 1) is DENIED. It is further

ORDERED that **on or before July 13, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 27th day of June 2016.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE